## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES MAXWELL, | ) | CASE NO. 1:21-cv-318 |
| | ) | |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| TIM SHOOP, Warden, | ) | |
| | ) | |
| | ) | |
| RESPONDENT. | ) | |

Petitioner Charles Maxwell ("Maxwell" or "Petitioner") has now filed in this capital habeas corpus case a motion to stay these proceedings and hold them in abeyance while he pursues relief in Ohio state courts. (Doc. No. 20.) Specifically, he requests the stay while he litigates a pending petition for post-conviction relief, asserting that he is ineligible for the death penalty under a new Ohio law barring the execution of persons with certain serious mental illnesses. (Doc. No. 21.) Respondent Warden Tim Shoop ("Respondent") opposes the motion. (Doc. No. 22.) For the following reasons, Maxwell's motion is DENIED.

## I.    BACKGROUND

Maxwell was convicted and sentenced to death in an Ohio state court for the aggravated murder of Nichole McCorkle. *See State v. Maxwell*, 139 Ohio St. 3d 12, 13–17 (Ohio 2014). His state direct appeal and post-conviction petition were unsuccessful. *See id*. at 69 (direct appeal); *State v. Maxwell*, No. 107758, 2020 WL 2569833, at *1 (Ohio Ct. App. May 21, 2020) (post-conviction review).

Maxwell filed a petition for writ of habeas corpus in this Court on October 27, 2021, raising twenty-five claims for relief. (Doc. No. 15.) Of those claims, seven directly challenge the constitutionality of his sentence or sentencing hearing. (*See id.* at 71–78, 83–90, 98–102, 134–86, 192–95.[1, 2])

Maxwell now requests that this case be stayed while he pursues relief under a new Ohio law, governed by Ohio Rev. Code § 2929.025, that prohibits the imposition of the death penalty for the crime of aggravated murder when the defendant had a serious mental illness ("SMI"), as defined by the statute, at the time he committed the offense. (Doc. No. 20.)[3] This provision applies to those who, like Maxwell, already have been convicted and sentenced to death and have filed a post-conviction petition within one year of the statute's effective date, April 12, 2021, asking the court to vacate their death sentence and order resentencing. Ohio Rev. Code § 2953.21(A)(1)(a)(iv), (A)(2)(b). Notably, the filing of an SMI petition "constitutes a waiver of any right to be sentenced under the law that existed at the time the offense was committed and

---

[1]All page number references herein are to the consecutive page numbers applied to individual documents by the Court's electronic filing system.

[2]Those claims are: claim three (sufficiency of the evidence to support death sentence); claim four (ineffective assistance of appellate counsel for failing to raise sufficiency-of-the-evidence claim to support death sentence); claim six (ineffective assistance of appellate counsel for failing to raise due-process claim regarding trial court's sentencing determination); claim nine (trial-court error in admission of victim-impact testimony); claim sixteen (ineffective assistance of trial counsel in preparation for and presentation of mitigation evidence); claim seventeen (ineffective assistance of trial counsel in failing to raise intellectual-disability claim to preclude death sentence); and claim twenty (trial-court error in diminishing  jury's sense of responsibility for imposing death sentence). (*See* Doc. No. 15, at 71–78, 83–90, 98–102, 134–86, 192–95.)

[3]More specifically, Ohio's SMI law provides that a person who has been diagnosed with a qualifying "serious mental illness" under Ohio Rev. Code § 2929.025(A)(1)(a) is ineligible for a death sentence when the defendant timely raises the issue and proves by a preponderance of the evidence, Ohio Rev. Code § 2929.025(D)(1), that the illness "significantly impaired the person's capacity to exercise rational judgment," Ohio Rev. Code § 2929.025(A)(1)(b), with respect to either conforming to the law or appreciating the nature, consequences, or wrongfulness of the person's conduct, Ohio Rev. Code § 2929.025(A)(1)(b)(i) and (ii). *See State v. Lawson*, 165 Ohio St. 3d 445, 484 (Ohio 2021) (Donnelly, J., concurring).

2

constitutes consent to be sentenced to life imprisonment without parole . . . ." Ohio Rev. Code § 2953.21(A)(3)(b).

Maxwell filed his petition for post-conviction relief in an Ohio state court on April 11, 2022, alleging he is ineligible for the death penalty under this new law because he has been diagnosed with delusional disorder, one of the four "serious mental illnesses" specified in the Ohio statute. *See* Ohio Rev. Code § 2929.025(A)(1)(a)(iv). (*See also* Doc. No. 21, Ex. A (SMI Pet.).) Respondent opposes this request on four grounds, arguing: (1) the mechanism normally applied to a request for a stay in a federal habeas case, established in *Rhines v. Weber*, 544 U.S. 269, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005), does not apply to Maxwell's SMI claim because it was not raised in his habeas petition; (2) this state-law claim is not cognizable in federal habeas; (3) the state-court litigation is independent of this case; and (4) a new sentence would constitute a new judgment that would require the filing of a new habeas petition. (Doc. No. 22, at 1–2.)

## II.   ANALYSIS

Generally, petitioners move to stay federal habeas actions so that they may return to state court to exhaust federal constitutional claims. The Antiterrorism and Death Penalty Act of 1996 ("AEDPA"), which governs federal habeas corpus petitions, requires that state prisoners exhaust all federal claims before those claims may be reviewed by district courts on habeas review. 28 U.S.C. § 2254(b)(1). This entails giving state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999).

In *Rose v. Lundy*, 455 U.S. 509, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982), the Supreme Court held that when a habeas petitioner presents a "mixed petition," with both exhausted and unexhausted claims, comity requires that state courts have the first opportunity to review the

unexhausted claims. *Id*. at 518–19. *Lundy*'s "total exhaustion" requirement created a dilemma for petitioners, however, as a return to state court could result in the unexhausted claims becoming time-barred under AEDPA's one-year statute of limitations.

To avoid this harsh result, in *Rhines v. Weber, supra*, the Supreme Court authorized district courts, when confronted with a mixed petition, to stay the case and permit the petitioner to present his unexhausted claim to state court and then return to federal court for review of the perfected petition. *Rhines*, 544 U.S. at 277. Stay and abeyance is appropriate, however, only where the district court determines that: (1) there was good cause for the petitioner's failure to exhaust claims first in state court; (2) the petitioner's unexhausted claims are not plainly meritless; and (3) the petitioner has not engaged in abusive litigation tactics or intentional delay. *Id*. at 277–78. The procedure should be used sparingly, the Court cautioned, because if employed too frequently, it could undermine AEDPA's goals of "'reduc[ing] delays in the execution of state and federal criminal sentences, particularly in capital cases,'" and streamlining federal habeas proceedings by encouraging petitioners to seek relief from state courts first. *Id*. at 276–77 (quoting *Woodford v. Garceau*, 538 U.S. 202, 206, 123 S. Ct. 1398, 155 L. Ed. 2d 363 (2003)).

As Respondent argues, *Rhines* does not apply here, because Maxwell's SMI claim is based on state law. This Court has equitable authority to stay this case separate and apart from *Rhines*. *See, e.g.*, *Clinton v. Jones*, 520 U.S. 681, 706, 117 S. Ct. 1636, 137 L. Ed. 2d 945 (1997) (noting a district court has "broad discretion to stay proceedings as an incident to its power to control its own docket"); *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 2d 153 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Rhines*, 544 U.S. at 276 (recognizing that AEDPA did not deprive district courts

4

of its authority to stay cases).  Factors to consider when determining whether a stay is appropriate are: (1) whether the issues in the collateral proceeding overlap with those in the pending proceeding; (2) the status of the other case; (3) the interests of the parties with respect to any delay; (4) the interest of and burden on the defendant; (5) the interests of the courts; and (6) the public interest. *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627–28 (6th Cir. 2014).

A stay is not warranted here. As noted, Maxwell's state-court SMI litigation is based exclusively on Ohio law, and there exists no such comparable federal constitutional right. The state-court proceedings, therefore, are entirely independent of this federal habeas case, and this Court has no authority to review a state-court decision on the matter. Moreover, Maxwell will not be harmed by a denial of the stay request, as he may litigate both his state post-conviction proceedings and his federal habeas petition simultaneously. Finally, granting a stay under these circumstances would undermine AEDPA's dual objectives of streamlining habeas proceedings and encouraging finality. *See Obermiller v. Shoop*, No. 1:19-cv-2193, 2022 WL 4182761, at *2 (Sept. 13, 2022) (Adams, J.) (denying habeas petitioner's motion to stay while he pursues Ohio state-court SMI litigation); *McKelton v. Shoop*, No. 1:18-cv-134, 2022 WL 2256898, at *3 (June 23, 2022) (Marbley, C.J.) (same).

## III.    CONCLUSION

Accordingly, for the reasons stated above, Maxwell's motion to stay these proceedings and hold them in abeyance is DENIED.

**IT IS SO ORDERED**.

Dated: October 28, 2022

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**