UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES MAXWELL, | ) | CASE NO. 1:21-cv-318 |
| | ) | |
| Petitioner, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| TIMOTHY SHOOP, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## INTRODUCTION

On March 21, 2025, the Court entered a memorandum opinion and order (Doc. No. 40 (Memorandum Opinion and Order)) denying petitioner Charles Maxwell's ("Maxwell") petition for a writ of habeas corpus, denying Maxwell's motion to conduct additional discovery, and declining to issue a certificate of appealability ("COA"). Maxwell now seeks to alter or amend the Court's judgment under Fed. R. Civ. P. 59(e). (Doc. No. 42 (Motion to Alter or Amend).) Respondent Timothy Shoop ("Shoop") filed an opposition (Doc. No. 43 (Opposition)), to which Maxwell replied. (Doc. No. 44 (Reply).) For the reasons explained below, Maxwell's motion to alter or amend the judgment is denied.

## ANALYSIS

Rule 59(e) "enables a district court to rectify its own mistakes in the period immediately following its decision." Fed. R. Civ. P. 59(e); *see Banister v. Davis*, 590 U.S. 504, 516, 140 S. Ct. 1698, 207 L. Ed. 2d 58 (2020) (citation omitted). But relief under the rule is limited to cases in

which there is: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson,* 428 F.3d 605, 620 (6th Cir. 2005).

The "manifest injustice" prong of Rule 59(e) may serve as a catch-all provision, but "it is not sufficient to simply refer to prior arguments in a perfunctory manner and request a different result to avoid a perceived manifest injustice." *Purefoy v. Harris*, No. 5:19-cv-1233, 2022 WL 17104546, at *2 (N.D. Ohio Nov. 22, 2022) (denying Rule 59(e) motion in habeas action where petitioner's argument about "manifest injustice [wa]s brief and devoid of substance"). Indeed, although Rule 59(e) "allows for reconsideration; it does not permit parties to effectively 're-argue a case.'" *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (quoting *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1988)). Parties may not use the motion to relitigate rejected arguments or present new arguments that could have been raised before judgment. *Id.*

Relief under this rule "is an extraordinary remedy and should be granted sparingly because of the interests in finality and conservation of scarce judicial resources." *U.S. ex rel. Am. Textile Mfrs. Inst. Inc. v. The Limited, Inc.*, 179 F.R.D. 541, 547 (S.D. Ohio 1998) (citation omitted). Granting a Rule 59(e) motion is within the informed discretion of the district court. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (citation omitted).

Maxwell asks the Court to reconsider its denial of: (1) four grounds for relief presented in his petition (Doc. No. 15 (Petition)); (2) his motion for discovery (Doc. No. 37 (Motion for Discovery)); and (3) the COA on the four grounds at issue (Doc. No. 40, at 145–47). (Doc. No.

42, at 2–3.)[1] Shoop counters that, through this motion, Maxwell attempts to relitigate the arguments in his petition. (Doc. No. 43, at 2–3.) The Court agrees.

**A. Grounds for Relief**

Maxwell argues that the Court overlooked or misapprehended his arguments in support of three claims of ineffective assistance of counsel and one claim of juror bias. (*See* Doc. No. 42, at 2–3.)

*1. Ineffective assistance of counsel (failure to investigate and present evidence undermining the prosecution's case)*

Maxwell challenges the Court's denial of his first ground for relief, which argued that trial counsel ineffectively failed to investigate and present evidence undermining the prosecution's theory that "Maxwell feloniously assaulted Nichole and that the murder was motivated by retaliation for her testimony." (Doc. No. 42, at 7.) The Court found this claim procedurally defaulted and alternatively meritless (Doc. No. 40, at 31–33, 43–48), but Maxwell argues that the Court did not properly consider the substantial evidence he submitted to the state post-conviction court, and incorrectly found this claim was barred under claim preclusion doctrine. (*Id.* at 8.) He references the affidavits of Andy Maxwell and La-Tonya Kindell.[2] But the Court carefully analyzed the evidence Maxwell presented post-conviction, including these affidavits, before concluding that the trial court reasonably found the extra-record evidence insufficient to defeat the res judicata bar. (*See, e.g.*, Doc. No. 40, at 32–33, 46–48.) This argument lacks merit.

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

[2] In addition, one of the documents Maxwell cites (Doc. No. 42, at 8), a police report containing Nichole's statement, was produced by the prosecution to Maxwell during pre-trial discovery. (*See* Doc. No. 10-2, at 40–41.) It is therefore part of the trial-court record and would not constitute evidence dehors the record that could overcome the res judicata rule.

3

Maxwell next asks the Court to reconsider its decision on the merits of Ground One. He advances three arguments. First, he asserts that the state post-conviction appellate court's decision was unreasonable in agreeing that the extra-record evidence he submitted was not sufficient to show that "'the victim was the aggressor and provoked [him] into committing felonious assault or aggravated murder[.]'" (Doc. No. 42, at 9 (citing Doc. No. 40, at 44 (state appellate court decision)).) But the language Maxwell quotes is from the trial court's opinion. The appellate court did not "agree" with that language, it simply summarized the trial court's findings. (*See* Doc. No. 40, at 45.) The only state court decision at issue in reviewing Maxwell's instant motion is the last state court to review his claims on the merits—the post-conviction appellate court. *See Ylst v. Nunnemaker,* 501 U.S. 797, 805, 111 S. Ct. 2590, 115 L. Ed. 2d 706 (1991) (habeas courts review the "last *explained* state-court judgment" on the federal claim at issue) (emphasis original). This argument fails.

Second, Maxwell argues that the Court overlooked his argument that trial counsel rendered constitutionally inadequate assistance because they should have "investigated and presented" the theory that he "may not have known about" the assault charges against him and resulting protective order, which he never signed, to undermine the retaliation specification. (Doc. No. 42, at 10.) The Court previously explained that this claim differed legally and factually from the claim raised to the state appellate court on post-conviction review and was thus not properly before the Court. (*See* Doc. No. 40, at 43–44, n.6.) Further, as the Court noted, defense counsel expended considerable time and effort toward *excluding* any evidence about the felonious assault, which they viewed as potentially prejudicial evidence of Maxwell's past violence toward Nichole. (*See, e.g.*, Doc. No. 9-1 (Trial Transcript), at 899–927.) Because Maxwell does not identify any relevant factual finding that was clearly erroneous, the Court assumes that counsel duly considered a

4

different strategy—including alternate theories of self-defense and crime of passion—but ultimately decided that an innocence defense was strongest. *Wong v. Belmontes*, 558 U.S. 15, 25, 27–28, 130 S. Ct. 383, 175 L. Ed. 2d 328 (2009) (rejecting petitioner's "'more-evidence-is-better' approach" where it could have opened door to evidence of past murders). The Court will not alter its judgment on this claim.

Third, Maxwell disputes the Court's conclusion that the state appellate court reasonably concluded that defense counsel's investigation into Maxwell and Nichole's turbulent relationship and the choice of an innocence defense theory was sound trial strategy. (Doc. No. 42, at 10–11.) In so doing, he repeats the arguments already presented in his petition and traverse. (*See, e.g.*, Doc. No. 15, at 49 ("If defense counsel had discussed this incident with family members, they would have realized that it was well-known that Ms. McCorkle physically attacked Maxwell on numerous occasions"); Doc. No. 32, at 30 ("Counsel's failure to investigate these matters cannot be characterized as a strategic choice.").) As noted above, Rule 59(e) does not permit parties to relitigate arguments already considered and ruled upon by the Court. *Howard*, 533 F.3d at 475.

Maxwell contends he is entitled to relief on this claim "to avoid manifest injustice." (Doc. No. 42, at 1.) A showing of "manifest injustice" for purposes of Rule 59(e) "requires the existence of a fundamental flaw in the court's decision that, without correction, would lead to a result that is both inequitable and not in line with applicable policy." *Luster v. AWP Inc.*, No. 1:16-cv-2613, 2021 WL 1379492, at *3 (N.D. Ohio Apr. 13, 2021) (citing *McDaniel v. Am. Gen. Fin. Servs., Inc.*, No. 4-2667 B, 2007 WL 2084277, at *2 (W.D. Tenn. July 17, 2007)). Maxwell has failed to demonstrate such a flaw.

5

2. *Ineffective assistance of counsel (failure to investigate and present mitigation evidence)*

Maxwell also asks the Court to reconsider its denial of Ground Sixteen, which faults defense counsel for failing to investigate and present mitigation evidence. (Doc. No. 42, at 22–31.) He argues that the Court "may have overlooked or misapprehended" arguments he advanced in support of this claim. (*Id.* at 23.) In the interest of judicial economy, the Court declined to address arguments that either did not relate to the last state-court opinion, as mandated under AEDPA, *see Ylst*, 501 U.S. at 805, or were redundant, undeveloped, or conclusory, *see United States v. Hall*, 549 F.3d 1033, 1042 (6th Cir. 2008) ("'[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'") (quoting *United States v. Johnson*, 440 F.3d 832, 846 (6th Cir. 2006)). (*See, e.g.*, Doc. No. 15, at 154, 171–74.) For the same reasons, the Court will not reconsider these arguments now.

Maxwell further contends the Court "overlooked the wealth of evidence in the record suggesting timely investigation of brain damage was warranted." (Doc. No. 42, at 27.) But the Court carefully considered the evidence Maxwell presented before concluding that "Maxwell [] failed to show that any of the court's factual determinations were clearly erroneous. Nor has he shown that its conclusion about counsel's performance [regarding presentation of mitigation evidence] was unreasonable." (Doc. No. 40, at 67.) Here, Maxwell attempts to relitigate Ground Sixteen. Because he has not demonstrated a manifest injustice, he is not entitled to relief under Rule 59(e).

3. *Trial-court error (failure to excuse a biased juror)*

Maxwell also argues that the Court should reconsider its denial of Ground Twenty-three, which contends that the trial court erred in denying his request to excuse Juror Gibson for cause—improperly requiring Maxwell to use a peremptory challenge to remove her from the jury pool.

(Doc. No. 42, at 40–43.) But the Court fully considered, and rejected, this claim, and Maxwell has not presented a reason for the Court to reconsider it. (*See* Doc. No. 40, at 135–40.)

Maxwell also maintains that the Court improperly declined to address his argument that Ground Twenty-three fell within an exception to the rule established in *Ross v. Oklahoma*, 487 U.S. 81, 88, 108 S. Ct. 2273, 101 L. Ed. 2d 80 (1988), providing that "[s]o long as the jury that sits is impartial, the fact that the defendant had to use a peremptory challenge to achieve that result does not mean the Sixth Amendment was violated." (Doc. No. 42, at 41–42.) He claims that "at least" one of the seated jurors, Juror Szabo, was biased, citing Ground Twenty-four of the petition. (*Id*.) The Court declined to consider this argument when it was raised in the petition because Maxwell provided insufficient analysis. (Doc. No. 40, at 139.) The Court identified one sentence devoted to this issue in his petition, with no mention of *Ross* or other pertinent legal or factual analysis. (*See* Doc. No. 15, at 205 ("The trial court's failure to appropriately remove Ms. Gibson for cause resulted in other biased jurors serving, to Maxwell's prejudice.").) Maxwell only directly addressed *Ross* in his traverse after Shoop made an argument about it. (*See* Doc. No. 32, at 146.) He asserted in a conclusory fashion that he had "overcome *Ross* by analyzing the composition of the jury pool and pointing to at least one other juror that was biased and was seated on his jury[,]" and cited Ground Twenty-four, an ineffective-assistance claim relating to Juror Szabo's alleged bias. (*Id*.) Maxwell then speculated that his counsel "might have removed Ms. Szabo, who was biased, had they not had to use a peremptory strike on Ms. Gibson, who should have been removed for cause[,]" and also stated, with no explanation, that "trial counsel used all available peremptory strikes." (*Id*.) Then and now, this argument is unavailing. *Hall*, 549 F.3d at 1042. In any event, the Court also rejected Maxwell's argument that Juror Szabo was biased. (*See* Doc. No. 40, at 77–79.) The Court finds no manifest injustice in its resolution of this claim.

> 4. *Ineffective assistance of counsel (failure to protect Maxwell's right to an unbiased jury)*

Maxwell also challenges the Court's decision on Ground Twenty-two, which alleges ineffective assistance of counsel for failing to protect Maxwell's right to a jury free from external influences (Doc. No. 42, at 37–39), and Ground Twenty-four, alleging ineffective assistance of counsel for failing to strike Juror Szabo for cause (*id*. at 43–44). With these arguments, Maxwell merely reargues the merits of his claims, *Howard*, 533 F.3d at 475, which the Court found both procedurally defaulted and meritless. (Doc. No. 40, at 145.) He is not entitled to relief under Rule 59(e) on these claims.

    **B.    Motion for Discovery**

Maxwell also asks the Court to reconsider its denial of his motion for discovery on his claims of ineffective assistance of counsel and prosecutorial misconduct. (Doc. No. 42, at 44–57.) Discovery is not guaranteed in habeas cases. *See Bracy v. Gramley*, 520 U.S. 899, 908–09, 117 S. Ct. 1793, 138 L. Ed. 2d 97 (1997) (Good cause for discovery under Rule 6 exists only "'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief . . . .'" (quoting *Harris v. Nelson*, 394 U.S. 286, 300, 89 S. Ct. 1082, 22 L. Ed. 2d 281 (1969)). On review of the motion, the Court determined that factual development was not permissible on these claims because they were either already rejected on the merits in state court or they were procedurally defaulted. *See, e.g.*, *Cullen v. Pinholster*, 563 U.S. 170, 181, 131 S. Ct. 1388, 179 L. Ed. 2d 557 (2011) ("review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits"); *Williams v. Bagley*, 380 F.3d 932, 975–76 (6th Cir. 2004) (affirming denial of a habeas petitioner's discovery requests on procedurally defaulted ineffective-assistance claims).

Nothing in Maxwell's motion to alter or amend changes the facts on which this Court previously rejected his requested discovery.

### C. Certificate of Appealability

Finally, Maxwell contends the Court should reconsider its denial of a COA on each of the grounds for relief discussed above: Grounds One, Sixteen, Twenty-two, Twenty-three, and Twenty-four. (Doc. No. 42, at 11–22, 31–36, 39–40, 42–43, 44.) The Federal Rules of Civil Procedure apply to habeas cases "to the extent that they are not inconsistent with any statutory provisions or [the habeas] rules . . . ." Rules Governing Habeas Corpus Cases Under Section 2254 ("Habeas Rules"), Rule 12; *see also* Fed. R. Civ. P. 81(a)(4)(A). Habeas Rule 11 prohibits parties from appealing a district court's denial of a COA but permits them to seek a COA directly from the appellate court. Habeas Rules, Rule 11; *see also Sims v. United States*, 244 F.3d 509, 509 (6th Cir. 2001) ("The proper procedure when a district court denies a certificate of appealability is for the petitioner to file a motion for a certificate of appealability before the appellate court in the appeal from the judgment denying the motion to vacate." (citing Fed. R.App. P. 22(b)(1))). The Court will not alter its judgment on the COA.

### CONCLUSION

For the foregoing reasons, the Court denies Maxwell's motion to alter or amend the judgment.

**IT IS SO ORDERED.**

Dated: August 6, 2025

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

9